UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:  Case No: 14-21154 (PRW)

SPENCERPORT DEVELOPMENT, LLC,  Chapter 11

Debtor.

# DECISION AND ORDER
# GRANTING MOTIONS TO DISMISS CHAPTER 11 CASE

Before the Court is the motion of Manufacturers and Traders Trust Company ("M&T"), a secured creditor, to dismiss the Debtor's Chapter 11 case for cause, pursuant to 11 U.S.C. §§ 1112(b)(1) and 1112(b)(4)(A), alleging a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation (ECF No. 37). In the alternative, and in the event that the Court does not grant dismissal, M&T seeks termination of the automatic stay, pursuant to 11 U.S.C. §§ 362(d)(1), (d)(2), and (d)(3) (ECF No. 37). The United States Trustee ("UST") has joined in the dismissal motion, pursuant to 11 U.S.C. § 1112(b)(4)(A), and has also moved for dismissal pursuant to 11 U.S.C. § 1112(b)(4)(H), based on the Debtor's failure to provide information demanded by the UST (ECF No. 46). The Court granted the request of the UST to shorten time for a hearing on its motion, in the interest of providing the parties with a prompt resolution of the motions (ECF Nos. 46, 48).

After careful consideration of the submissions, together with the arguments of the parties at the hearing held on December 4, 2011 on the motions to dismiss, for the reasons that follow, the Court finds that M&T and the UST have demonstrated cause to convert or dismiss under 11 U.S.C.

§§ 1112(b)(1), 1112 (b)(4)(A) and 1112 (b)(4)(H). The Court further finds that dismissal of this Chapter 11 case is in the best interests of creditors and the estate.

I.

## JURISDICTION

The Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 157(a), 157(b)(1), and 1334(b). This is a core matter pursuant to 28 U.S.C. § 157. This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Rule 7052 of the Federal Rules of Bankruptcy Procedure ("FRBP").

II.

## FACTS

The Debtor commenced this voluntary Chapter 11 case on September 15, 2014, resulting in the issuance of an Order for Relief (ECF No. 1). The statements and schedules filed by the Debtor indicate that the Debtor owns a single asset consisting of a parcel or parcels of real estate located in the Village of Spencerport, New York, on which there is an abandoned condominium project (ECF No. 12, Schedule A).[1] The Debtor indicates that the value of its real estate/condominium project is $800,000 (ECF No. 12, Schedule A). The real estate is encumbered by mortgage liens, tax liens, judgment liens, and mechanics' liens, totaling $2,617,623.00 (ECF No. 12, Schedule D). Proof of perfection of the mortgages is included among the exhibits attached to the motion of M&T (ECF

---

[1] The Debtor also lists as assets (1) a $3,812.00 retainer held by its bankruptcy counsel and (2) a claim seeking to recover excess engineering fees totaling $105,223.15.

2

No. 37, Exhibits E, F, G, H, J).  It appears that the claims of unsecured creditors total $1,282,923 (ECF No. 12, Schedule F).

There is no dispute as to the facts.  The Debtor has not submitted any written opposition or response to the relief requested by M&T or the UST, as required by the Court's Order of November 22, 2014 (ECF No. 40).  At the commencement of the hearing on the motions to dismiss, counsel to the Debtor appeared and requested a 30-day adjournment in hopes of having a "sale plan" of the Debtor's real estate.  Counsel for the Debtor agreed with the Court that the liquidation of the Debtor's only asset would not lead to "rehabilitation" of the Debtor's business, as required by 11 U.S.C. § 1112(b)(4)(A).  The Court denied the requested adjournment as a result.

### III.

### ANALYSIS

Dismissal or conversion of a Chapter 11 case must be granted, under 11 U.S.C. § 1112(b), if the moving party demonstrates "cause" for that relief, and if the Court finds that exceptions under 11 U.S.C. §§ 1112(b)(1) and (2) do not apply.  The exception under 11 U.S.C. § 1112(b)(1) arises where, on request of a party in interest, the Court determines that the appointment of a Chapter 11 Trustee, rather than conversion or dismissal, is in the best interests of creditors and the estate.  No party in interest has requested the appointment of a Trustee under 11 U.S.C. § 1112(b)(1) and 11 U.S.C. § 1104.  The exception under 11 U.S.C. § 1112(b)(2) only applies where the Court finds and identifies unusual circumstances establishing that conversion or dismissal is not in the best interests of creditors and the estate, coupled with a showing under 11 U.S.C. §§ 1112(b)(2)(A) and (B).  No showing of such unusual circumstances has been made by any party in connection with the motions before the Court.

Both M&T and the UST have standing to seek dismissal, under 11 U.S.C. § 1109. This hearing has been timely commenced, as required by 11 U.S.C. § 1112(b)(3). The Court must promptly decide the request of M&T and the UST for dismissal or conversion, given the adverse consequences that would follow from allowing the Debtor to continue under Chapter 11 any longer—incurring continuing losses, at least in the form of post-petition real estate taxes, in addition to the $570,862 in pre-petition real estate taxes which prime M&T's mortgages.

The movant bears the initial burden of proof to establish "cause" to convert or dismiss the case. If "cause" is established, and the Court does not find either specific unusual circumstances or the need for appointment of a Chapter 11 Trustee, the Court *must* convert or dismiss the Chapter 11 case. The movant has the burden to establish "cause" to convert or dismiss by a preponderance of the evidence. 7 Collier on Bankruptcy ¶ 1112.04[4] (16th edition rev.). The Court must be mindful of the basic purposes of Chapter 11 when considering a motion under 11 U.S.C. § 1112(b), to (1) salvage a viable business and (2) maximize the return to creditors. *Casse v. Key Bank*, 198 F.3d 327 (2d Cir. 1999).

Here, both M&T and the UST contend that there is "cause" for dismissal or conversion under 11 U.S.C. §§ 1112(b)(1) and 1112(b)(4)(A), because of a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." From the commencement of the Chapter 11 case on September 15, 2014, through the present date, the Debtor has not generated any income, but has incurred expenses such as real estate taxes and quarterly UST fees. According to the Debtor's October 2014 operating report, the Debtor obtained loans, presumably from insiders, without requesting or receiving the permission of the Court, as required by 11 U.S.C. § 364 (ECF No. 15). Therefore, the Debtor has negative income. *See* 7 Collier on Bankruptcy ¶ 1112.04[6][a] (16th edition rev.).

The evidence before the Court demonstrates that the Debtor has no likelihood of "rehabilitation." The secured creditor's mortgage liens amount to over three times the market value of the Debtor's real estate, as valued by the Debtor under penalty of perjury on Schedule A (ECF No. 12). Pre-petition real property taxes add another $575,000 to the encumbrances against the real estate (*Id.*). There is no viable business to salvage and there will be no return to unsecured creditors because the assets are worth less than the liens secured by those assets. Therefore, the Court finds that M&T and the UST have demonstrated by a preponderance of the evidence both (1) a substantial and continuing loss to and diminution of the estate and (2) the absence of a reasonable likelihood of rehabilitation. As a result, cause exists to convert or dismiss this Chapter 11 case, pursuant to 11 U.S.C. §§ 1112(b)(1) and 1112(b)(4)(A).

The UST also seeks dismissal or conversion under 11 U.S.C. § 1112(b)(4)(H) for the failure of the Debtor (1) to provide proof of a Debtor-in-Possession account, and (2) to provide copies of tax returns for the last two years. The Debtor has been in Chapter 11 for nearly three months, during which the Debtor has had ample opportunity and time to provide the required information. The Debtor's failure to comply with reasonable demands from the UST for information constitutes further "cause" to convert or dismiss this case, pursuant to 11 U.S.C. § 1112(b)(4)(H).

Having determined that M&T and the UST have established "cause" under 11 U.S.C. §§ 1112(b)(1), 1112(b)(4)(A) and 1112(b)(4)(H), the Court is statutorily required to convert or dismiss this case.[2] The decision to convert or dismiss depends on which remedy would best serve the interests of creditors and the estate. This is essentially a two-party dispute between the Debtor and its secured creditor, M&T. There is such a large deficiency between the value of the Debtor's real estate assets [$800,000] and the mortgage liens [in excess of $2.0 million, plus real estate taxes of

---

[2] The Court finds that neither exception under 11 U.S.C. §§ 1111(b)(1) or (b)(2) applies to this case.

over $550,000], that there is no likelihood of any distribution to unsecured creditors. Here, the estate consists of a single tangible asset. M&T has been litigating its foreclosure action since December 2009, and this case was filed just days before the scheduled foreclosure auction sale. If converted to a Chapter 7, it is very likely that the Trustee would file a no-asset report because there appears to be simply nothing for the Trustee to reach for the benefit of unsecured creditors. Finally, while the Court need not reach the merits of M&T's alternative request for stay relief, it appears that "cause" would exist to lift the automatic stay under both 11 U.S.C. §§ 362(d)(1) and (d)(2). There is no equity in the property, M&T lacks adequate protection of its secured interest because outstanding real estate taxes continue to accumulate, and the Debtor lacks the income to make adequate protection payments. Therefore, M&T would be free to liquidate the Debtor's only asset once the Court lifted the stay. There would be no purpose served by converting this case to Chapter 7. The necessary and appropriate remedy is for the Court to order the case to be dismissed.

The Court finds, in the exercise of its discretion, that dismissal of this case is in the best interests of the creditors and the estate. The joint motions of M&T and the UST, requesting conversion or dismissal for cause, are **GRANTED,** pursuant to 11 U.S.C. §§ 1112(b)(1), (b)(4)(A) and (b)(4)(H). The case is **DISMISSED,** pursuant to 11 U.S.C. § 1112(b)(1). The motion of M&T seeking termination of the automatic stay under 11 U.S.C. §§ 362(d)(1), (d)(2), and (d)(3) is **MOOT** as a result of the dismissal of the Debtor's Chapter 11 case.

IT IS SO ORDERED.

Dated: December 4, 2014            _____/s/_____
    Rochester, New York         HON. PAUL R. WARREN
                                        UNITED STATES BANKRUPTCY JUDGE